IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LARRY DYSON                                                                             PETITIONER

v.                                                 No. 1:97CR10-B

UNITED STATES OF AMERICA                                RESPONDENTS

**MEMORANDUM OPINION**

The petitioner Larry Dyson is presently in the custody of the United States Bureau of Prisons and seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2255.

**Facts and Procedural Posture**

The petitioner pled guilty on May 13, 1997, in the United States District Court for the Northern District of Mississippi to the charge of conspiracy to distribute – and to possess with intent to distribute – over 1,000 kilograms of marijuana. He was sentenced on July 23, 1997, to 220 months imprisonment, five years supervised release, and a special assessment of $50.00. The court entered final judgment July 31, 1997. The petitioner did not appeal the judgment. On June 29, 1998, the petitioner moved the court to extend the deadline for filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The court denied that motion July 13, 1998. The petitioner presented a motion for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal, as well as an appellate brief, directly to the Fifth Circuit Court of Appeals. The Fifth Circuit denied both motions October 21, 1999. The petitioner filed the instant petition for a writ of *habeas corpus* with district court October 27, 2003, although he

named the document a "Motion to Correct Information on the Presentence Report and Sentence Pursuant to Federal Rules of Criminal Procedure Rule 60(b)(2)(5) & (6)[1]."

**Discussion**

The Antiterrorism and Effective Death Penalty Act [AEDPA] governs decision in this proceeding. The AEDPA added a limitations period to proceedings under § 2255 that provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final . . . .

28 U.S.C. § 2255.

Thus, defendants seeking *habeas corpus* review under 28 U.S.C. § 2255 face a one-year period of limitation that runs, unless tolled, from the date on which the petitioner's conviction became final. *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002). The one-year limitation is not a jurisdictional bar, however, and it can be tolled in appropriate circumstances. *Id.* The burden of proving that the statute of limitations has been tolled is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 509-10 (original opinion), and 223 F.3d 797 (5th Cir. 2000) (opinion issued amending language on rehearing).

---

[1] The court can find no rules numbered 60(b)(2)(5) or 60(b)(2)(6) applicable to the instant case. The court notes that the Federal Rules of *Civil* Procedure contain rules numbered 60(b)(5) and 60(b)(6) which deal with motions for relief from a judgment or order. Indeed, it appears that the petitioner in this case has attempted to obtain relief from a judgment or order under FED. R. CIV. P. 60(b). Rules of Civil Procedure, however, have no application in a criminal case such as this one. The Federal Rules of *Criminal* Procedure do not contain rules numbered 60(b)(5) or 60(b)(6). As the filing challenges the validity of the petitioner's sentence, the court shall treat it as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The petitioner's conviction became final on October 29, 1997, ninety days after the judgment was entered on July 31, 1997. *Bell v. Maryland*, 378 U.S. 226, 232 (1964) (time period within which a petitioner may petition for a writ of *certiorari* to United States Supreme Court must be considered in calculation of *habeas corpus* deadline). Thus, the deadline for the petitioner to file the instant petition expired October 29, 1998 – one year from the date his conviction became final. The instant petition was filed with the court October 23, 2003. Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). The petitioner did not, however, date his federal petition for a writ of *habeas corpus*; as such, the court shall allow three days for mailing and finds that the instant petition was filed October 20, 2003. Thus, the instant petition for a writ of *habeas corpus* was thus filed 1,817 days (nearly five years) after the October 29, 1998, deadline for filing expired.

The petitioner has set forth no facts or argument to invoke equitable tolling, which "applies principally where the [petitioner] is actively misled by the [government] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Finally, mere ignorance of the law by an incarcerated *pro se* prisoner does not justify equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher v. Johnson,* 174 F.3d 710, 712 (5th Cir. 1999)).

Before the court directs the government to respond to a petition under 28 U.S.C. § 2255, the court must make an initial review of the petition, and, if the petitioner is not entitled to relief, the petition must be dismissed. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The instant petition was filed nearly five years after the filing deadline expired, and the petitioner offers no rationale under which the court might apply equitable tolling. As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2255. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of June, 2006

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE